*388
Memorandum Opinion

PER CURIAM.
Elíseo Rene Zambrano challenges his conviction of assault on his wife or girlfriend by contending the State violated his constitutional rights in failing to provide him with exculpatory evidence and by the trial court denying his motion for new trial on the same basis. We affirm the judgment.
Prior to trial, Kathy Cervantes, the mother of appellant’s children, signed an affidavit of non-prosecution. In that affidavit, she stated:
I do not wish to prosecute or go through with the charges of my husband Elíseo Zambrano. I do not want to prosecute because everything that happened that day was misunderstood, and I am struggling without him being in jail and me and espicially [sic] his 3 young daughter [sic] need him physical [sic], emotionally and financially and we need him w/us and everything that has happened was a mistake and a mistake for pressing charges.
The State concedes that this affidavit was not furnished to appellant prior to trial because it could not be located even though appellant’s counsel inquired about it multiple times. The affidavit was not found until appellant had filed a motion for new trial. Appellant argues he was denied his right to due process and his right of confrontation (ie. an effective cross-examination) by the State failing to furnish the affidavit.
The State has a duty to turn over material, exculpatory evidence to the accused. Brady v. Maryland, 373 U.S. 83, 87, 83 S.Ct. 1194, 1196-97, 10 L.Ed.2d 215 (1963). Due process is violated if the State fails to do so regardless of whether bad faith on the part of the State is involved. Wyatt v. State, 23 S.W.3d 18, 27 (Tex.Crim.App.2000). Evidence is material if there is a reasonable probability that, had it been disclosed, the outcome would have been different, and the defendant bears the burden of proving the same. Hampton v. State, 86 S.W.3d 603, 612 (Tex.Crim.App.2002). The mere possibility that an item of information might have helped the defense or might have affected the outcome does not establish materiality in the constitutional sense. Id. The proper inquiry for an appellate court is whether the failure to disclose the information undermines confidence in the jury’s verdict. See Ex parte Richardson, 70 S.W.3d 865, 870 n. 22 (Tex.Crim.App.2002).
Cervantes testified during the guilt/innocence phase that 1) she tried to avoid testifying because she “didn’t want to come and ... deal with this whole situation,” 2) she loves appellant, 3) the fight was over a set of car keys and they were pushing each other, and 4) appellant punched her in the face six times. During the punishment phase, she stated 1) she had filed an affidavit of non-prosecution, 2) she did not want to get appellant in trouble, 3) she needs appellant to help support her children, and 4) even though she is afraid that her daughters are going to choose to be with abusive men, she still wants appellant in her life. Thus, some of what was contained in the affidavit was before the jury.
There is also evidence that appellant’s counsel knew prior to trial that Cervantes had executed an affidavit of non-prosecution since he requested it from the State and he specifically asked that question of Cervantes during the punishment phase. A defendant fails to establish that there is a reasonable probability that the result would have been different when he had actual knowledge of the information. Ex parte Chavez, 213 S.W.3d 320, 325 (Tex.Crim.App.2006) (there is no due pro *389 cess violation when the defendant himself already knew of the exculpatory facts); Peters v. State, 997 S.W.2d 377, 386-87 (Tex.App.-Beaumont 1999, no pet.) (the defendant failed to show a different result would have occurred when the defense had actual knowledge prior to trial that the victim had recanted her testimony).
Appellant argues that the trial court erred in denying his motion for new trial because the evidence that the incident was a “misunderstanding” is exculpatory in contrast to the State’s allegation that he acted intentionally, knowingly, or recklessly. Appellant’s counsel also provided testimony at the new trial hearing that, had he known the contents of the affidavit of non-prosecution, he would have questioned Cervantes “specifically about her claims that ‘everything that happened that day was misunderstood’ and ‘everything that has happened was a mistake.’ ” The statement that there was a misunderstanding is unclear as to whether there was a misunderstanding between Cervantes and appellant or between her and the police officers. The statement that there was a mistake is unclear as to whether appellant did not assault Cervantes, appellant made a mistake when he assaulted her, or Cervantes made a mistake in pressing charges even if appellant did assault her. Moreover, appellant apparently did not question Cervantes prior to trial and did not question her during trial about the contents of her affidavit even though he knew or at least believed that one existed. Due to the ambiguity and vagueness of these statements, we cannot say that the lack of their disclosure undermines confidence in the verdict.
Accordingly, we overrule appellant’s issues and affirm the judgment.
Concurring opinion by Pirtle, J.